E-FILED
Wednesday, 28 September, 2016  03:42:43 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 01-30018** |
| | ) | |
| **MICHAEL SWANSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Defendant Michael Swanson's oral motion for bond pending a determination of the motion he filed pursuant to 28 U.S.C. § 2255, in Case No. 15-CV-03262. Defendant's motion is GRANTED. Defendant has shown that he has raised, in his pending habeas case, a substantial constitutional claim upon which he has a high probability of success and that exceptional circumstances exists which require bail to make the habeas remedy effective.

# I. BACKGROUND

In March 2000, Defendant was charged by indictment with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). United States v. Swanson, Central District Illinois, Springfield Division, Case No. 00-CR-300018 (hereinafter, Case No. 00-30018), Indictment (d/e 7). Following a jury trial, Defendant was found guilty of the charged offense. Case No. 00-30018, Verdict (d/e 102); United States v. Swanson, 55 F. App'x 761, 761 (2003). On May 3, 2002, Defendant was sentenced to 264 months of imprisonment. See Case No. 00-30018, Judgment (d/e 144); Swanson, 55 F. App'x at 761. Defendant's sentence was based, in part, on a determination that he "qualified as a career offender under the Sentencing Guidelines." Swanson, 55 F. App'x at 761.

Defendant appealed his sentence, arguing that his prior felony conviction for unlawful restraint was not a "crime of violence," meaning that he lacked the two prior convictions necessary to be classified as a career offender under the Sentencing Guidelines. Id. The Seventh Circuit noted that "Illinois courts have stated that '[a]ctual or physical force is not a necessary element of unlawful restraint as long as an individual's freedom of locomotion is

impaired.'" Id. at 762 (citing People v. Bowen, 609 N.E.2d 346, 361
(Ill. App. Ct. 1993)).  Thus, the crime of unlawful restraint in Illinois
was not a "crime of violence" under the "elements clause" of the
career offender guideline.  Id.  However, the Seventh Circuit went on
to hold that unlawful restraint did qualify as a "crime of violence"
under the "residual clause" of the career offender guideline.  Id. at
762-63.  Defendant's sentence as a career offender was affirmed.
Id. at 763.

Defendant timely filed his first § 2255 petition in May 2004.
See Swanson v. United States, Central District of Illinois,
Springfield Division, Case No. 04-CV-03012 (hereinafter, Case No.
04-03012), Petition for Writ of Habeas Corpus (d/e 1).  The petition
was denied on December 14, 2004. Case No. 04-03012, December
13, 2004 Order (d/e 13).  Defendant's subsequent motions for leave
to file a successive § 2255 motion were denied.  See Swanson v.
United States, No. 08-3494 (7th Cir. Oct. 20, 2008); Swanson v.
United States, No. 10-1461 (7th Cir. Mar. 5, 2010).

In 2015, the Supreme Court decided Johnson v. United States,
135 S. Ct. 2551 (2015), in which it held that the residual clause of
the Armed Career Criminal Act was unconstitutionally vague.  135

S. Ct. at 2562-63.  In light of this holding, the Seventh Circuit granted Defendant's motion for leave to file a successive § 2255 motion.  See Swanson v. United States, No. 15-2776 (7th Cir. Sept. 4, 2015).  At a hearing on September 9, 2016, Defendant made an oral motion for bond pending a determination of his § 2255 motion.

## II. ANALYSIS

"[F]ederal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their case . . ."  Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985).  It does not appear that the Seventh Circuit has formulated a standard as to when a judge may grant a motion for bond in the context of a § 2255 proceeding other than to state that the power to grant bond in such circumstances should "be exercised very sparingly."  Id.  A case from the Urbana Division of this District has held, however, that bail should be granted pending post-conviction habeas corpus review only "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  Douglas v. United

States, No. 06-CV-2113, 2006 WL 3627071, at *1 (C.D. Ill. Dec. 11, 2006) (citing Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992)).  Defendant has met both prongs of this test with respect to his pending § 2255 motion.

## A.  Defendant has raised a constitutional claim upon which he has a high probability of success.

A large majority of federal appellate circuits have held or assumed that Johnson, a holding that has since been made retroactive, see Welch v. United States, 136 S. Ct. 1257, 1268 (2016), is applicable to the United States Sentencing Guidelines. See United States v. Hurlburt, ___ F.3d ___, 2016 WL 4506717, at *7 (2016) (discussing cases).  Further, the Supreme Court is scheduled to hear a case involving Johnson's applicability to the guidelines from the lone circuit that has held that Johnson does not apply to the Sentencing Guidelines, the Eleventh Circuit.  See Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016).  Given the overwhelming consensus that Johnson applies to the guidelines, the likelihood of Defendant prevailing on his pending § 2255 motion is not "nil" despite the Government's argument to the contrary.  Rather, the

Court finds that Defendant has shown a high probability of success on the constitutional claim to be determined in <u>Beckles</u>.

## B.   Exceptional circumstances justify Defendant's release on bond.

If Defendant's § 2255 motion is successful, he should not have been sentenced as a career offender.  According to the Presentence Investigation Report filed in Defendant's criminal case, without the career offender classification, Defendant's total offense level would have been 28 and his criminal history category would have been V. Case No. 00-30018, Presentence Investigation Report (PSR) (d/e 146), ¶¶ 29, 43.  A total offense level of 28 coupled with a criminal history category of V results in a guidelines sentencing range of 130-162 months.   As Defendant has been incarcerated for more than 190 months, if his pending § 2255 motion is successful, he will have already served a sentence in excess of what could have been imposed under the mandatory guidelines that were in place at the time of his sentencing had he not been classified as a career offender.

Further, the Court finds that Defendant is a good candidate for bond.  He has no serious infractions in the Bureau of Prisons (BOP).  He has a supportive family that plans to provide him with a place to live and employment with the family towing business. Moreover, Defendant's prison record evidences an ability and desire to work, as he has participated in the UNICOR jobs program, taught classes in a variety of fields, and completed 1,187 hours of classes and BOP's nine-month Challenge Program.

### III. CONCLUSION

For the reasons stated, the Court has chosen to exercise its inherent authority and grant Defendant bail pending the resolution of his pending § 2255 motion.  Defendant's oral motion for bail is GRANTED.

ENTER: September 28, 2016.

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE